IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| **DEVIN TERRELL HARRIS #407465,** | ) ) ) |
| Plaintiff, | ) ) NO. 1:23-CV-00044 |
| v. | ) ) ) |
| **WARDEN GRADY PERRY,** *et al.*, | ) JUDGE CAMPBELL ) MAGISTRATE JUDGE HOLMES |
| Defendants. | ) ) ) |

## MEMORANDUM OPINION

Devin Terrell Harris, an inmate of the Morgan County Correctional Facility (MCCF) in Wartburg, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Warden Grady Perry, TDOC[1] Commissioner Tony Parker, and the South Central Correctional Facility ("SCCF"), alleging violations of Plaintiff's civil and constitutional rights. (Doc. No. 1). Plaintiff also filed a supplement to his complaint (Doc. No. 4) and a Motion under Rule 12 of the Federal Rules of Civil Procedure (Doc. No. 5).

### I. RULE 12 MOTION

In addition to a supplement to his complaint (Doc. No. 4), Plaintiff filed a "Motion Under Rule 12 of the Federal Rules of Civil Procedure" (Doc. No. 5).

Rule 12 sets forth the rules for when and how a defendant may raise defenses and objections after service of the complaint. Fed. R. Civ. P. 12. While Plaintiff's motion cites to Rule 12, its content does not appear to relate to Rule 12. Instead, the motion supplements the complaint, repeating some of the same allegations and citations to authority included by Plaintiff

---

[1] Presumably, by "TDOC", Plaintiff is referring to the Tennessee Department of Correction.

1

in his complaint and in his previously filed supplement. To the extent Plaintiff seeks to further supplement his complaint with the motion, the motion will be granted.

## II. SCREENING OF THE COMPLAINT

The complaint as supplemented is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### A. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

2

**B. Section 1983 Standard**

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

**C. Facts Alleged in the Complaint As Supplemented**

The complaint alleges that, in 2016, Plaintiff was an inmate of SCCF. Later that year, Plaintiff was transferred to MCCF "due to a[n] incident" causing Plaintiff to be "in harm's way." (Doc. No. 1 at 3, 5). In 2017, Plaintiff was transferred back to SCCF, fearing for his safety.

On October 7, 2020, Plaintiff was attacked by three or more inmates, sustaining extensive life-threatening injuries. He was the victim of 17 to 18 stab wounds, one of which was "to the top of [his] head where it cause[d] [his] brain to bleed." (*Id*. at 5). Plaintiff was transported to Vanderbilt Hospital by life flight helicopter, where he underwent treatment, including surgery. During Plaintiff's hospitalization, an unidentified corrections officer whispered in Plaintiff's ear that "they wasn't [sic] gone [sic] stop until they killed [Plaintiff]." (*Id.* at 4). Plaintiff was released from the hospital on October 12, 2020.

Plaintiff continues to suffer both physically and mentally from the attack. He is "at 50/50 medical wise." (*Id*. at 12). He takes medication for the mental health issues caused by the attack.

Plaintiff is being held responsible for the life flight bill and the Vanderbilt Hospital medical bills. He seeks damages in the amount of $100,000 to cover his medical and transportation bills

3

related to the attack. He also seeks to file a complaint "with the bar association" against Defendants Perry and Parker. (*Id*. at 5).

**D. Analysis**

Plaintiff names as Defendants to this action Warden Grady Perry, TDOC Commissioner Tony Parker, and SCCF. Perry and Parker are sued in both their individual and official capacities. (Doc. No. 1 at 2).

As a preliminary matter, SCCF is a building; it is not "person" who can be sued under 42 U.S.C. § 1983. *Plemons v. CoreCivic Admin. Headquarters*, No. 3:18-cv-00498, 2018 WL 4094816, at *3 (M.D. Tenn. Aug. 28, 2018) (quoting *McIntosh v. Camp Brighton*, No. 14-CV-11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases establishing that prison facilities are inappropriate defendants under § 1983)). Thus, the complaint fails to state a Section 1983 claim upon which relief can be granted against SCCF, and all claims against SCCF will be dismissed.

The complaint alleges failure to protect claims under Section 1983. "The statute of limitations applicable to a [Section] 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the [Section] 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). The Sixth Circuit has specifically noted that the applicable limitations period in Tennessee is one year, based on Tennessee Code Annotated § 28-3-104(a). *Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016) (citing *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000)). Here, the events alleged in the complaint occurred in Tennessee. Accordingly, the statute of limitations for Plaintiff's Section 1983 claim is one year.

Although the applicable time period is borrowed from state law, the date on which the statute of limitations begins to run in a Section 1983 action is a question of federal law. *Eidson*, 510 F.3d at 635. "Ordinarily, the limitation period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id*. In determining when the cause of action accrues in Section 1983 actions, courts look to "what event should have alerted the typical lay person to protect his or her right." *Id.*

Here, arguably the first day that Plaintiff became aware of a need to protect his rights was the date on which he transferred back to SCCF in 2017. But, giving Plaintiff the benefit of the doubt, there is a later date by which Plaintiff certainly had reason to know of his alleged injury—the date he was attacked. Accordingly, Plaintiff was required to bring his Section 1983 failure to protect claims within one year of October 7, 2020. Plaintiff did not file his complaint until June 24, 2023[2]—approximately two years, 8 months later. Plaintiff's failure to protect claims, therefore, are time-barred.

"Having borrowed [Tennessee's] statute of limitations…, [the Court] appl[ies] [Tennessee's] tolling statute, as long as the result is not inconsistent with federal law or policy." *Johnson v. Memphis Light Gas & Water Div*., 777 F.3d 838, 845 (6th Cir. 2015) (citing *Bishop v. Children's Ctr. for Dev. Enrichment*, 618 F.3d 533, 537 (6th Cir. 2010)). Absent tolling, the general rule in this circuit is that courts will not extend a limitations period "by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 561 (6th Cir. 2000); *see also Merriweather v. City of Memphis*, 107 F.3d 396, 400 (affirming dismissal of Section 1983

---

[2] Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002) and *Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. For purposes of calculating the statute of limitations here, because the Court is unable to determine when Plaintiff delivered the complaint to prison authorities for mailing, the Court will use the date on which Plaintiff signed his complaint, *i.e*., June 24, 2023. (Doc. No. 1 at 11).

complaint as time-barred because it "was filed one day late"); *Roberson v. Macnicol*, 698 F. App'x 248, 250 (6th Cir. 2017) (noting that a plaintiff who fails to invoke Tennessee tolling rules "has forfeited any argument he might have had under those rules").

The complaint alleges that Plaintiff "had a head injury as[] well [as] nerves taken from out of [his] hand . . . it took so much time for [him] to recover – to be able to file [his] claim." (Doc. No. 1 at 12). Arguably then, the complaint asserts that Plaintiff is entitled to tolling because his physical and mental injuries prevented him from filing his complaint within the limitations period.

The Tennessee Supreme Court has "consistently declined to recognize the doctrine of equitable tolling in civil proceedings." *Whitehead v. State*, 402 S.W.3d 615, 626 (2013); *Clark v. Clawson*, No. 3:20-cv-00230, 2021 WL 568017, at *3 (M.D. Tenn. Feb. 16, 2021). Instead, courts only toll limitations periods in civil cases based on "the doctrines of equitable estoppel and fraudulent concealment." *Redwing v. Cath. Bishop for Diocese of Memphis*, 363 S.W.3d 436, 460 (Tenn. 2012). "[T]he doctrine of equitable estoppel tolls the running of the statute of limitations when the defendant has misled the plaintiff into failing to file suit within the statutory limitations period." *Id*. "Under the fraudulent concealment doctrine, the statute of limitations is tolled when 'the defendant has taken steps to prevent the plaintiff from discovering he [or she] was injured.'" *Id*. at 462 (alteration in original) (quoting *Fahrner v. SW Mfg., Inc.*, 48 S.W.3d 141, 146 (Tenn. 2001)).

Here, Plaintiff has not alleged that Defendants engaged in deceptive behavior that implicates the doctrines of equitable estoppel or fraudulent concealment and, on the face of the complaint, neither doctrine seems applicable here. However, the Court notes that Plaintiff's injuries appear to have been quite severe,[3] and Plaintiff's proffered reason for not filing this lawsuit

---

[3] Plaintiff has submitted a portion of his medical records from his stay at Vanderbilt Hospital as well as a photograph of his hand injury. (Doc. No. 1, Attach. 1 at 1-6).

6

within the limitations period is the injuries he sustained in the attack. Further, the Court is mindful that "'[t]he statute of limitations is an affirmative defense, and a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim.'" *Clark v. Clawson*, No. , 2021 WL 37675, at *4 (M.D. Tenn. Jan. 5, 2021) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)). Therefore, for purposes of the required PLRA screening, the Court will proceed as though Plaintiff's failure to protect claims were timely filed, although Defendants are, of course, free to later attack the timeliness of those claims by motion.

The Eighth Amendment to the United States Constitution requires officers to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). Although prison officials have a duty to protect prisoners from assault by other prisoners, the Supreme Court has recognized that jail and prison officials cannot be expected to prevent every assault before it occurs or to stop every assault in progress before injuries are inflicted. Thus, "a prison official may be held liable under the Eighth Amendment . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. That is, the inmate must show both that the risk of harm is sufficiently "serious," an objective inquiry, and that prison officials acted with "deliberate indifference" to inmate health or safety, a subjective inquiry. *Id*. at 837-38; *Helling v. McKinney*, 509 U.S. 25, 32 (1993).

Here, Plaintiff's claims against Parker appear to be based solely on his role as TDOC Commissioner. A Section 1983 plaintiff must identify the right or privilege that was violated and the role of the defendant in the alleged violation, *Miller v. Calhoun Cnty.*, 408 F.3d 803, 827 n.3 (6th Cir. 2005), and Plaintiff has failed to do so with respect to Defendant Parker. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where complaint did

7

not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

To the extent that Plaintiff is attempting to hold Defendant Parker liable for the conduct of his subordinates, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[A] plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a Section 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending subordinates. *See Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (citation omitted).

The complaint does not allege that Parker encouraged any instance of misconduct related to Plaintiff or was otherwise directly involved in it. Neither does the complaint allege that Parker "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct" of a subordinate. *Id*. Simply, there are no allegations in the complaint connecting Parker to Plaintiff's transfer to SCCF in any way other than his role as TDOC Commissioner. Consequently, the complaint fails to state a failure to protect claim under Section 1983 upon which relief can be granted as to Defendant Parker in his individual capacity. This claim will be dismissed.

As for Plaintiff's failure to protect claim against Defendant Perry in his individual capacity, the complaint alleges that Perry knew that returning Plaintiff to SCCF would pose a serious risk

to Plaintiff's health and safety and Perry did not act to stop the transfer, although he had the power as SCCF warden to do so. Given this allegation and the seriousness of Plaintiff's injuries which appear to be documented by Plaintiff's submissions, the Court finds that Plaintiff's failure to protect claim against Perry is his individual capacity shall proceed beyond the PLRA initial review. Ultimately, however, Plaintiff will be responsible for submitting evidence that Perry played a role in Plaintiff's transfer to SCCF or had the authority to stop the transfer, knowing that Plaintiff faced a substantial risk of serious harm, and disregarded that risk by failing to take reasonable measures to abate it. *See Farmer*, 511 U.S. at 847.

The Court now moves to Plaintiff's failure to protect claim against Defendant Perry in his official capacity. An official capacity suit is, in all respects other than the name, to be treated as a suit against the entity. *See Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009). The complaint alleges that Perry is Warden of SCCF. Thus, a suit against an employee of SCCF is a suit against CoreCivic, the entity responsible for operating the facility. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) ("[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent."). Because it "performs the traditional state function of operating a prison," CoreCivic "acts under the color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). However, unlike the State, CoreCivic is not entitled to Eleventh Amendment immunity and may be liable under Section 1983 "if its official policies or customs resulted in injury to the plaintiff." *O'Brien v. Mich. Dep't of Corr.*, 592 F. App'x 338, 341 (6th Cir. 2014); *see also Mason v. Doe*, No. 3:12CV-P794-H, 2013 WL 4500107, at *1 (W.D. Ky. Aug. 21, 2013) (collecting cases) ("a private corporation may be liable under § 1983 when an official policy or custom of the corporation causes the alleged deprivation of a

federal right"). To state a claim against CoreCivic, the plaintiff must allege that his "'constitutional rights were violated and that a policy or custom' of [CoreCivic] 'was the moving force behind the deprivation of [his] rights." *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (quoting *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010)).

The record is not sufficiently developed to properly assess Plaintiff's official capacity claim against CoreCivic. The claim will proceed for further development.

Finally, the complaint alleges that the state has not paid Plaintiff's bills that he acquired after being transported to Vanderbilt Hospital by life flight and receiving treatment at Vanderbilt Hospital. For persons who are incarcerated and cannot care for themselves, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). However, there is no constitutional requirement that care be provided to inmates free of charge. *See Sickles v. Campbell Cnty., Ky.*, 501 F.3d 726, 730 (6th Cir. 2007).

The complaint does not allege that Plaintiff was not provided with adequate medical care. Neither does the complaint allege that, once at the hospital, Plaintiff's care was conditioned on his ability to pay. However, the record is undeveloped at this point regarding what regulations and/or policies, if any, exist at SCCF regarding whose responsibility it is to pay for emergency transport and emergency medical services rendered by an outside provider for a state inmate serving his time at SCCF. Consequently, the Court declines to dismiss any bill-related claims at this time, whether those claims arise out of federal or state law.

### III. CONCLUSION

To the extent Plaintiff seeks to further supplement his complaint with his Motion under Rule 12 of the Federal Rules of Civil Procedure (Doc. No. 5), the motion will be granted.

Having screened the complaint pursuant to the PRLA, the Court finds that the complaint fails to state claims under Section 1983 upon which relief can be granted against SCCF, and all claims against SCCF will be dismissed.

Further, the complaint fails to state a Section 1983 failure to protect claim upon which relief can be granted as to Defendant Parker in his individual capacity. This claim will be dismissed.

Plaintiff's remaining claims survive the required PLRA screening and will proceed for further development, as explained in more detail herein.

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE