IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

DEVIN TERRELL HARRIS )
)
v. ) Case No. 1:23-cv-00044
)
WARDEN GRADY PERRY )

**TO:** Honorable William J. Campbell, Jr., United States District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered August 29, 2023 (Docket Entry No. 7), the Court referred this *pro se* and *in forma pauperis* prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 11) filed by Defendant Grady Perry. For the reasons set out below, the undersigned respectfully recommends that the motion to dismiss be **GRANTED** and that this action be **DISMISSED**.

## I. BACKGROUND[1]

Devin Terrell Harris ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Morgan County Correctional Facility ("MCCF") in Wartburg, Tennessee. On July 18, 2023, he filed this *pro se* and *in forma pauperis* lawsuit against TDOC Commissioner Tony Parker ("Parker"), the South Central Correctional Facility ("SCCF"), and SCCF Warden Grady Perry ("Perry"). *See* Complaint (Docket Entry No. 1). In his complaint and supplemental filings (Docket Entry Nos. 4 and 5), Plaintiff raised claims for

---

[1] The background facts are summarized from the allegations contained in Plaintiff's pleadings.

relief under 42 U.S.C. § 1983 based on allegations that his federal civil rights were violated at the SCCF.

Specifically, Plaintiff alleges that he was attacked by several inmates at the SCCF on October 7, 2020, suffering severe stab wounds and life-threatening injuries. He was transported to Vanderbilt Hospital by life flight helicopter, where he underwent treatment, including surgery. Plaintiff was released from the hospital on October 12, 2020, and was returned to the SCCF, where he placed in protective custody. Plaintiff asserts that he continues to suffer both physically and mentally from the attack, and that he is being held responsible for the life flight bill and the Vanderbilt Hospital medical bills. Plaintiff alleges that he was at risk of danger at the SCCF because of a prior incident that had caused him to be transferred away from the SCCF in 2016. He contends that he should not have been transferred back to the SCCF in 2017 because of this risk of danger and that SCCF officials failed to provide him with a safe living environment.

Upon initial review of the complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court dismissed all claims except for an Eighth Amendment failure to protect claim brought against Perry in his individual capacity. *See* Memorandum Opinion (Docket Entry No. 6) at 8-9. In response, Defendant Perry has filed both the pending motion to dismiss and an answer (Docket Entry No. 15). The Court has reserved entry of a scheduling order until resolution of the motion to dismiss.

## II. MOTION TO DISMISS AND RESPONSE

Defendant Perry seeks dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff's claim is barred by the applicable one year statute of limitations because his lawsuit was not timely filed. *See* Memorandum in Support (Docket

Entry No. 12) at 3-5. Defendant contends that Plaintiff knew or had reason to know of his injuries on the day that he was attacked and his failure to protect claim therefore accrued no later than October 7, 2020, from which date Plaintiff had one year his lawsuit. *Id*. Defendant argues that the lawsuit was not filed until nearly three years later, on July 18, 2023, which makes it untimely. *Id*.

Defendant additionally argues that he has been sued merely because was the SCCF Warden at the time of the attack and that Plaintiff's factual allegations are not sufficient to support a claim of liability against him under the Eighth Amendment because there are no factual allegations that Defendant had any personal involvement in the events at issue. *Id*. at 5-9. Finally, Defendant argues that, although Plaintiff appears to seek relief regarding the medical bills arising from his treatment after the attack, he has not set forth any type of actual legal claim showing an entitlement to relief for these bills from Defendant. *Id*. at 9.

By Order entered November 6, 2023, Plaintiff was notified of the motion to dismiss, advised that his failure to respond may result in the motion being granted, and given a deadline of December 22, 2023, to file a response. *See* Docket Entry No. 14. Upon Plaintiff's request for additional time to file a response, the Court extended his response deadline to January 22, 2024. *See* Order entered December 20, 2023 (Docket Entry No. 22). Plaintiff's requests for the appointment of counsel to assist him in responding to the motion to dismiss were denied. *See* Orders entered December 6, 2023 (Docket Entry No. 19), and December 20, 2023 (Docket Entry No. 22).

In response to the motion, Plaintiff has filed two pages of copies from medical records, including a picture of his injured hand, that evidence the injuries that he sustained. *See* Docket

Entry No. 21. In his letters to the Court, Plaintiff argues that Defendant, as the warden, was "the head person" over the SCCF at the time that he was attacked and that Defendant should be held accountable for the attack and for Plaintiff's injuries. *See* Docket Entry Nos. 17 and 20-21.

### III. LEGAL STANDARDS

A motion to dismiss filed under Rule 12(b)(6) is reviewed under the standard that the Court must accept as true all the well-pleaded allegations contained in the complaint and construe the complaint in the light most favorable to Plaintiff. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Because Plaintiff is a *pro se* litigant, the Court is also required to view his complaint with some measure of a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Although the complaint need not contain detailed factual allegations, the factual allegations supplied must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a plausible claim for relief, the alleged facts must provide more than a sheer possibility that a defendant has acted unlawfully. *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The well-pleaded factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

### IV. ANALYSIS

The motion to dismiss is properly granted because Defendant has raised a valid statute of

limitations defense. It is clear from the face of Plaintiff's own complaint that he did not pursue his claim against Defendant Perry in a timely manner.

It is beyond dispute that the statute of limitations for Section 1983 claims that arise in Tennessee is the one-year limitations period set out in Tenn. Code Ann. ' 28-3-104(a)(1)(B). *See Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). Although the duration of the applicable statute of limitations is governed by state law, the question of when the limitations period begins to run is determined by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Eidson v. State of Tennessee Dept of Childrens Servs.*, 510 F.3d 631, 635 (6th Cir. 2007).

Generally, a limitations period begins to run when a plaintiff knows or should have known of the injury that forms the basis of the claim. *Eidson*, 510 F.3d at 635; *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). Alternatively, the Sixth Circuit has suggested that the limitations period for a Section 1983 claim beings to run when the plaintiff has a complete and present cause of action that can be raised in court. *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1162 (6th Cir. 2021). Courts generally determine the accrual date of a claim by asking "what event should have alerted the typical lay person to protect his or her rights." *Roberson*, 399 F.3d at 794 (quoting *Hughes v. Vanderbilt Univ.,* 215 F.3d 543, 548 (6th Cir. 2000)).

There is no factual dispute in this case that Plaintiff endured a brutal attack by other inmates and that he suffered traumatic and serious injuries. While the law allows Plaintiff to bring claims seeking compensation for his alleged injuries, the law requires that he bring any such claims within a specific period of time. In the instant case, Plaintiff simply waited too long to pursue his claim against Defendant. Plaintiff was attacked and suffered his injuries in October

2020. At that point in time, he was aware of the factual basis for his claim, and he had one year within which to bring his lawsuit. However, Plaintiff did not file the instant lawsuit until July 2023, nearly three years later. Accordingly, Plaintiff's claim against Defendant is untimely and is barred by the statute of limitations.

Given that the face of the complaint discloses that the lawsuit was not timely filed, it is incumbent on Plaintiff to come forward with an argument or explanation for why the lawsuit should be viewed as timely filed. *See Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008). Plaintiff has not done so. In the absence of a response from Plaintiff that rebuts the statute of limitations defense and that shows why his claim against Defendant should not be dismissed, it is not the duty of the Court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion. *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992). *See Cunningham v. Enagic USA, Inc.*, 2016 WL 5415106 at *2 (M.D.Tenn. Sept. 28, 2016) (Sharp, J.) (This Court is not required to develop legal theories and arguments in Plaintiff's stead in order to defeat the motion to dismiss.); *Birmingham-Jefferson County Transit Auth. v. Boatright*, 2009 WL 2601926 at *1 (M.D.Tenn. Aug. 20, 2009) (Campbell, J.) (favorably citing *Guarino* in review of motion to dismiss for which there was no response).

Because the Court finds that the statute of limitations defense is a conclusive defense to this lawsuit, it is unnecessary to address Defendant's alternative arguments for dismissal.

## V. RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss (Docket Entry No. 11) filed by Defendant Grady Perry be **GRANTED** and that this case be **DISMISSED WITH PREJUDICE**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2).

    Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge